THE BERBOY CORPORATION, *et al.*, v. HERBERT TROTTER, as Executor of the Estate of J. I. Triplett, deceased.

190 So. 441
Special Division A
Opinion Filed July 7, 1939
Rehearing Denied July 25, 1939

*H. L. Anderson* and *Fred M. Burns,* for Appellant;

*Fleming, Hamilton & Diver,* and *Jos M. Bryant,* for Appellee.

PER CURIAM.—This appeal is from interlocutory orders overruling and denying motions to dismiss and to strike addressed to the amended bill of complaint.

Herbert Trotter, as Executor of the Estate of J. I. Triplett, deceased, a resident of Virginia, filed his amended bill of complaint seeking to have cancelled of record (1) the tax deed under date of May 3, 1937, from the State of Florida to Berboy Corporation, conveying the property described fully in the amended bill; (2) the mortgage, dated May 4, 1937, from Berboy Corporation to Turpentine & Rosin Factors, Inc., encumbering said property; (3) the turpen-

tine lease, dated May 4, 1937, from the Berboy Corporation to B. F. Carter, on said property; and (4) the assignment of said lease on the same date to Turpentine and Rosin Factors, Inc., and asking for (5) such further relief as is meet and agreeable in equity.

The substance of the amended bill is that the Prudential Mortgage Co. was organized in 1924 with capital stock of $50,000.00 represented by 500 shares of stock, 250 of which shares were owned by J. I. Triplett, who later died, and plaintiff as the duly appointed and qualified Executor of his Estate is bringing this amended bill; that the Prudential Mortgage Co. owned, among other property, the Maxville Tract, consisting of about 22,000 acres, all or a substantial portion of the purchase price of which was paid by J. I. Triplett in his lifetime, as a stockholder in said Company; that plaintiff, as Executor, holds by payment and assignment two notes for the purchase of said lands, amounting to $46,296.50 each; that at the time of the death of J. I. Triplett and since then, J. I. Triplett, Jr., has been President of the Prudential Mortgage Co., in full management of the corporation, has been running it for his own personal gain, and has been dominating and controlling the officers and directors thereof; that J. I. Triplett, Jr., has refused to give plaintiff a report and an acounting of the management of the assets of the corporation, though requested on numerous occasions to do so; that it was the duty of J. I. Triplett, Jr., to pay all taxes lawfully assessed against the corporation from funds coming into his hands; that J. I. Triplett, during his lifetime, sent J. I. Triplett, Jr., money with which to pay these taxes, yet he refused to pay them; that upon information and belief it is alleged that J. I. Triplett, Jr., and other persons conspired to deprive Prudential Mortgage Co. of its title to said lands and plaintiff of a first mortgage lien thereon by procuring or permitting issuance

by the State of Florida of a tax deed to said lands; that the Berboy Corporation was organized for the principal purpose of purchasing tax certificates upon the lands of Prudential Mortgage Co. and procuring tax deeds to said lands; that the real parties back of the Berboy Corporation are not the incorporators thereof, but are those who have an interest in and to the lands of the Prudential Mortgage Co. and who could not have procured a valid tax deed in their own names; that in furtherance of the purpose for which it was organized, the Berboy Corporation, on March 31, 1937, purchased from the Clerk of the Circuit Court of Duval County Tax Certificates No. 32 and No. 33 for 1928 taxes on lands of Prudential Mortgage Co. included in the Maxville Tract; that the Berboy Corporation acquired the other outstanding tax certificates held by J. I. Triplett, Jr., by assignment through his personally owned and controlled corporation, Florida Narcissus Farms, Inc., and thereafter a tax deed for said lands issued to the Berboy Corporation for the recited consideration of $14,945.48; that B. F. Carter obtained from Berboy Corporation a turpentine lease on said lands, which lease was assigned to Turpentine & Rosin Factors, Inc., and the latter corporation also obtained from the Berboy Corporation a mortgage on said lands, so that Berboy Corporation holds a mere legal title to the lands involved.

After due consideration, we are of the opinion that the amended bill contains equity and that the motions to dismiss should have been overruled and denied. The orders of the Chancellor to this effect should not be disturbed.

It is not made to appear wherein the portions of the amended bill of complaint sought to be stricken were irrelevant, or redundant, or contained impertinent or scandalous matter not relevant to the suit so as to require reversal of the orders refusing to strike them, when we allow to the

chancellor below the latitude of discretion usually allowed to a trial judge in such matters.

The orders appealed from are accordingly affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

THOMAS, J., concurs in conclusion.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.